UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JULIO CESAR JUARTEZ LOPEZ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY,

Respondent.

Case No. 1:26-cv-08478 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Julio Cesar Juartez Lopez is an immigration detainee awaiting the outcome of his removal proceedings. Fleeing Mexico, he last entered the United States in March 2024, and was taken into custody by DHS. Dkt. No. 1 at 6; Dkt. No. 8 at 4. After learning that Petitioner had a warrant out for his arrest in Santa Barbara, County, ICE released him to the county sheriff's custody. Dkt. No. 8 at 4. Petitioner was subsequently released from county jail at an unknown time, and has lived in the United States since. *Id*. at 5. He has had several criminal encounters since his release. *See id*. at 32–36. Most recently he was convicted of vehicular theft in June 2026. *Id*. at 35. Following his conviction, ICE sent a notice to Petitioner scheduling him for an ICE check-in appointment. *See id*. at 4. Petitioner attended as instructed and was promptly detained. *Id*. at 4–5.

Petitioner contends that his detention was unlawful as he is not a flight risk. Dkt. No. 1 at 6. As Petitioner filed the petition pro se, the Court liberally construes the petition as bringing a procedural due process claim. Many prior orders within this district and throughout the Ninth Circuit have addressed similar claims where a non-citizen previously released on parole was re-arrested by ICE without process. *See, e.g. Zeus Humberto R.Z. v. Chestnut*, No. 1:26-CV-07791-

TLN-SCR, 2026 WL 3181271 (E.D. Cal. Oct. 23, 2026); *Blanco-Rodriguez v. Hernandez*, No. 2:26-CV-03494-JNW, 2026 WL 3072377 (W.D. Wash. Oct. 14, 2026); *Diaz-Alfonso v. Warden, California Cty. Immigration Processing Ctr.*, No. 1:26-CV-07682-DC-CKD, 2026 WL 3060522 (E.D. Cal. Oct. 13, 2026). For the reasons stated in those cases, Petitioner is entitled to relief.

Petitioner has a clear liberty interest in his continued freedom following his release from DHS custody in 2024. *See R.A.N.O. v. Wofford,* 820 F. Supp. 3d 1094, 1102–03 (E.D. Cal. 2026) (holding that noncitizen had a protected liberty interest following his grant of humanitarian parole). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), he has a substantial private interest in maintaining his out-of-custody status following his grant of parole, the risk of erroneous deprivation without a hearing is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents oppose relief, arguing that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2). Dkt. No. 8 at 1. Regardless of the applicable detention authority, Petitioner's liberty interest described above is still protected by the due process clause. *See Padilla v. United States Immigr. & Customs Enf't*, No. 24-2801, 2026 WL 2822044, at *19 (9th Cir. Sept. 21, 2026) ("Noncitizens who arrive illegally and are found away from the border well after arrival are protected from arbitrary detention in violation of the Due Process Clause."). Indeed, Respondents concede as much, noting that "that this case fits into the category of cases in which the Court has found that petitioner's previous parole into the United States is more significant than the manner of entry." Dkt. No. 8 at 1. As Petitioner has not been provided any opportunity to challenge the decision to re-detain him, his due process rights were violated.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to provide Petitioner with a bond hearing within 14 days. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and

Petitioner shall be allowed to have his counsel present. The hearing shall be continued on Petitioner's request.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 19, 2026

VINCE CHHABRIA
United States District Judge